UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT TAYLOR,<br><br>        Petitioner,<br><br>   v.<br><br>UNITED STATES ATTORNEY GENERAL, et al.,<br><br>        Respondents. | CASE NO. C10-2026 MJP<br><br>ORDER GRANTING MOTION TO DISMISS |

    This matter comes before the Court on Respondent's motion to dismiss for failure to state a claim, and in the alternative, summary judgment. Having reviewed the motion (Dkt. No. 27), the response (Dkt. No. 33), the reply (Dkt. No. 34) and all related papers, the Court GRANTS the motion to dismiss.

## Background

Robert Taylor, a native and citizen of Canada, first entered the United States around August 23, 1963. (Dkt No. 1 at 2; P1-R212.) He served active duty in the U.S. Armed Forces from January 8, 1969, to December 29, 1970. (P3-L30.) On December 29, 1970, he was honorably transferred to the Reserve, and received an honorable discharge on January 1, 1975. (Id.)

On August 25, 1989, Taylor pled guilty to felony child molestation, felony oral copulation with a minor, and misdemeanor annoyance/molestation of a minor, in violation of the California Penal Code. (Dkt. No. 1 at 2; P3-L57; P1-L258; P1-L83 to P1-L84.) The Municipal Court of the North Judicial District of California entered judgment on all three counts and sentenced Taylor to 180 days incarceration for these crimes, and five years of probation. (P3-L51.) Due to these convictions Taylor was placed in deportation proceedings starting on January 26, 1990. (P1-R257.) After exhausting his administrative and judicial review, Taylor was repatriated to Canada on June 21, 1994. (Dkt. No. 1 at 2; P3-R150 to R151.)

Shortly after Taylor was repatriated to Canada, he was arrested for sexual abuse of a 12-year old boy. (Dkt. No. 1 at 2; P1-R258 to R263.) He was indicted upon charges of sexual abuse of a minor under the age of 14 in violation of Criminal Code of Canada ("C.C.C.") § 151, and sexual assault of the same minor, in violation of C.C.C. § 271. (P3-L42 to L43.) The sexual abuse of a minor charge under C.C.C. § 151 was later stayed. (P3-L42 to L43.)

---

[1] The Court's citation is to Petitioner's Department of Homeland Security administrative file ("A-file"). "L" and "R" citations refer to documents found on the left side or right side of Petitioner's A-file. "P1", "P2" and "P3" citations will refer to parts one, two or three of the left or right side of Petitioner's A-file.

On July 10, 1995, a British Columbia Provincial court found Taylor guilty of sexual assault in violation of § 271 and sentenced him to 90 days in jail, and three years of probation. (Dkt. No. 1 at 2; P1-R258 to P1-R263.)

In February of 2002, the National Parole Board of Canada granted Taylor's request for a pardon for his 1995 conviction. (P3-L78-79.) The Board informed Taylor that the pardon could be "revoked or cease to exist" if Taylor was later convicted of an offense punishable on summary conviction, or if he "is no longer of good conduct, knowingly ma[kes] a false or deceptive statement, or conceal[s] information relating to the application." (P3-L78.) The pardon will automatically cease if he receives a new offense under the Criminal Code of Canada that is "punishable either by summary conviction or by indictment, or for an offence prosecuted by indictment." (Id.) Moreover, the pardon "does not erase the fact than an individual was convicted of an offense and has a criminal record." (Id. at L79.)

On February 12, 2005, Taylor filed a second N-400 Application for Naturalization, on the basis of his military service. (Dkt. No. 1 at 2; P3-L90 to P3-L101.) The United States Citizenship and Immigration Services ("USCIS") denied his application on September 5, 2007, stating that his 1995 conviction is an aggravated felony. (Id.) Taylor filed a notice of appeal with the Board of Immigration Appeals ("BIA"), contending that USCIS erred in the categorization of his Canadian sexual assault conviction as an aggravated felony. The BIA upheld the ruling that the conviction was an aggravated felony under § 101(a)(43) of the Immigration and Nationality Act ("INA"), and thus Taylor could not meet his burden to establish that he was a person of good moral character. (Dkt. No. 1 at 3.)

On December 15, 2010, Taylor filed a petition with the Court, seeking de novo review of his naturalization denial. (Dkt. No. 1 at 1.) Taylor's petition advances three theories. First, he

argues that USCIS erred when it required him to affirmatively prove good moral character, and alleges that applicants who file petitions for naturalization pursuant to the military service statute are exempt from the requirement of good moral character. (Dkt. No. 1 at 4.) Second, he argues that his 1995 conviction should not be characterized of sexual abuse of a minor, and should not be classified as an aggravated felony—a statutory bar to naturalization. (Id.) Third, he argues that even if the conviction is an aggravated felony, it cannot bar his naturalization because he received a pardon. (Id.)

Respondents (or "government") have filed a motion to dismiss/motion for summary judgment. (Dkt. No. 27.) Respondents argue that Taylor is statutorily barred from eligibility for naturalization because he was convicted of multiple aggravated felonies and crimes of moral turpitude, and that USCIS does not recognize foreign pardons. (Id. at 5.)

## Analysis

The Court GRANTS Respondents' motion to dismiss because cannot meet the burden to prove he possesses good moral character. By applying the modified categorical approach, the Court concludes that Taylor's 1995 conviction of sexual assault bars his petition for naturalization. The fact that Taylor's conviction was later pardoned is irrelevant because it was not a full and unconditional pardon. For these reasons, the Court finds that Taylor is statutorily ineligible for naturalization, and therefore is not entitled to relief as a matter of law.

I. <u>Standards of Review</u>

To survive a motion to dismiss, a plaintiff must aver "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). The plaintiff must plead more than a "sheer possibility" that he is entitled to relief. <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). The Court assumes as true all facts that are alleged

in the complaint, but gives no weight to legal conclusions "couched as factual allegations." Iqbal, 129 S. Ct. at 1949-50. Plaintiff must plead sufficient facts beyond mere "labels and conclusions" and a "formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. The government has also briefed this as a motion for summary judgment, but because this decision does not require the Court to look at matters beyond the pleadings, the Court does not convert the motion to dismiss into a summary judgment motion pursuant to Rule 12(d).

Under 8 U.S.C. § 1421(c), an applicant for whom naturalization has been denied by USCIS may seek de novo review of his or her application in a U.S. District Court. The District Court makes its own findings of fact and conclusions of law, and does not give a high level of deference to USCIS's decision. See Chan v. Gantner, 464 F.3d 289, 291 (2d Cir. 2006). "Even if the INS is allowed to make the initial decision on a naturalization application, the district court has the final word and does not defer to any of INS's findings or conclusions." United States v. Hovsepian, 359 F.3d 1144, 1162 (9th Cir. 2004) (en banc). The Court is not limited to the administrative record when reviewing the naturalization application. See Baria v. Reno, 94 F.3d 1335, 1339 (9th Cir. 1996).

II. Requirements for Naturalization

Naturalization applicants carry the burden to establish that they meet the statutory requirements for eligibility. An alien who seeks to obtain the privilege of citizenship bears a heavy burden of proof, and has no right to naturalize unless all statutory requirements are met. See Berenyi v. District Director, INS, 385 U.S. 630, 637 (1967); see also Friend v. Reno, 172 F.3d 638, 646 (9th Cir. 1999) ("There must be strict compliance with all the congressionally imposed prerequisites to the acquisition of citizenship.").

An applicant must prove that "during all the periods referred to . . . [he or she] has been and continues to be a person of good moral character." 8 U.S.C. § 1427(a)(3). The statutory period for which an applicant normally must prove good moral character begins from the date five years before the date he or she files the application and continues up until the approval of the application. See id.; 8 C.F.R. § 316.10(a)(2). However, a serviceperson such as Taylor applying for citizenship pursuant 8 U.S.C. § 1440 must prove good moral character for least one year prior to the filing of the application, continuing up until the granting of naturalization. See Santamaria-Ames v. INS, 104 F.3d 1127, 1130 (9th Cir. 1996); 8 C.F.R. § 329.2(d). Taylor incorrectly argues that aliens who apply for naturalization pursuant to the military service statute do not have the burden to show good moral character. (Dkt. No. 1 at 5.) Servicemen and servicewomen are not exempt from the good moral character requirements of 8 U.S.C. § 1427(e). See Santamaria-Ames, 104 F.3d at 1130.

A person cannot establish good moral character if they have been convicted of an aggravated felony at any time after November 29, 1990. See Hovsepian, 359 F.3d at 1166 (holding that 8 U.S.C. § 1101(f)(8) applies only to aggravated felonies committed after November 28, 1990, despite the statute's language that it applies to such crimes committed "at any time"); 8 C.F.R. § 316.10(b)(1)(ii). This is so even if the crime occurred outside the statutory period for which good moral character must be proven. See Castiglia v. INS, 108 F.3d 1101, 1103 (9th Cir. 1997). Several categories of crimes are considered aggravated felonies for immigration purposes, including murder, rape and sexual abuse of a minor. 8 U.S.C. § 1101(a)(43)(A).

III. Taylor is Statutorily Ineligible for Naturalization

The Court finds that Taylor is statutorily ineligible for naturalization. Although the Court is unable to consider his 1989 conviction in denying his application for naturalization, the Court finds that the 1995 conviction was an aggravated felony and bars his eligibility for naturalization. The conditional and revocable pardon he later received does not alleviate the immigration consequences of the conviction. Taylor cannot prove good moral character, and cannot carry his burden to show he is eligible for naturalization.

a. Taylor's 1989 Conviction is Not Properly Considered

The government incorrectly asserts that Taylor's 1989 convictions in California are a statutory bar to his naturalization application. (Dkt. No. 27 at 9.) It is true that these convictions qualify as "sexual abuse of a minor," which is an aggravated felony under 8 U.S.C. § 1101(a)(43). However, Taylor's 1989 convictions do not present a statutory bar to his eligibility for naturalization because they were entered prior to November 29, 1990. See Hovsepian, 395 F.3d at 1166; 8 C.F.R. § 316.10(b)(1)(ii). The Court cannot deny Taylor's application on the basis of these convictions alone.

b. Taylor's 1995 Foreign Conviction is Properly Considered.

Subject to certain time limits, a foreign conviction may qualify as an aggravated felony and bar an immigration petition. "The term [aggravated felony] applies to . . . such an offense in violation of the law of a foreign country for which the term of imprisonment was completed within the previous fifteen years." 8 U.S.C. § 1101(a)(43). "[T]he term applies regardless of whether the conviction was entered before, on, or after September 30, 1996." Id.

Here, the Court may consider whether Taylor's 1995 sexual assault conviction in Canada is an aggravated felony. Taylor incorrectly argues that his 1995 conviction is too old for the

Court to consider because he completed the term of imprisonment more than fifteen years before the present date. (Dkt. No. 33 at 10.) However, the Court looks to the date of his application for citizenship, not the date of his petition for review, to determine whether he committed an aggravated felony in the fifteen years period. The application for citizenship that Taylor currently appeals was filed in 2005, roughly ten years after the conviction. The conviction may be properly considered.

    c. <u>Taylor's 1995 Sexual Assault Conviction Permanently Bars His Application</u>

  The government correctly argues that Taylor's 1995 sexual assault conviction bars his application for naturalization. (Dkt. No. 27 at 9.) The statute under which Taylor was convicted does not categorically qualify as an aggravated felony, as listed by 8 U.S.C. § 1101(a)(43). However, applying the modified categorical approach, the Court finds that Taylor's 1995 sexual assault conviction in Canada constitutes "sexual abuse of a minor," which is an aggravated felony that bars Taylor's application.

  The Court engages in a two-step analysis to determine whether the petitioner's prior conviction is a bar to naturalization. The Court first examines whether the conviction categorically qualifies as an aggravated felony, as listed in 8 U.S.C. § 1101(a)(43). <u>See</u> <u>Sandoval-Lua v. Gonzales</u>, 499 F.3d 1121, 1127 (9th Cir. 2007). If the full range of conduct criminalized by the statute constitutes an aggravated felony, the conviction categorically qualifies, and the petitioner cannot demonstrate good moral character. <u>Id.</u> If the statute includes conduct that may not amount to an aggravated felony, the Court then examines whether the conviction is a bar under the modified categorical approach. <u>See id.</u> at 1129 (citing <u>Taylor v. United States</u>, 495 U.S. 575, 599 (1990)).

Under the modified categorical approach, the Court may look to judicially noticeable documents in the conviction record to determine if the judge or jury necessarily had to convict the petitioner of the elements of a generic crime listed in § 1101(a)(43) in order to return a guilty verdict. See Sandoval-Lua, 499 F.3d at 1131. "Judicially noticeable documents under the modified categorical approach include the 'charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.'" Id. at 1129 (quoting Shepard v. United States, 544 U.S. 13, 16 (2005)). The Court cannot look at the underlying facts of the conduct that are outside of the conviction record. See id. at 1133.

Here, the relevant categorical crime is sexual abuse of a minor. See 8 U.S.C. § 1101(a)(43)(A). The Ninth Circuit recognizes two generic definitions of the crime of sexual abuse of a minor. Pelayo-Garcia v. Holder, 589 F.3d 1010, 1013 (9th Cir. 2009). The first, states that the crime contains three elements: (1) sexual conduct, (2) with a minor, and (3) that constitutes abuse. United States v. Castro, 607 F.3d 566, 568 (9th Cir. 2010). The first two elements—"sexual conduct" and "with a minor"—are defined according to the general, everyday use of the terms. See United States v. Baron-Medina, 187 F.3d 1144, 1146 (9th Cir. 1999). With regards to the third element, sexual conduct with young children is per se abusive. See United States v. Medina-Villa, 567 F.3d 507, 514 (9th Cir. 2009). The second generic definition, taken from 18 U.S.C. § 2243, is generally only applied to cases involving statutory rape and is a much narrower definition of sexual abuse of a minor. See Medina-Villa, 567 F.3d at 514-16 (noting that § 2243 is not the sole source for the definition of sexual abuse of a minor). It appears from a review of Ninth Circuit cases that the Court has discretion in cases such as this to apply the most relevant of the two generic definitions. "As it stands now, therefore, a state

offense will be a categorical match for 'sexual abuse of a minor' if it fits either definition." United States v. Farmer, 627 F.3d 416, 421 (9th Cir. 2010). Because the 1995 conviction meets the elements of the generic crime as set out in Castro, the Court does not consider or apply the generic elements of sexual abuse of a minor set out in 18 U.S.C. § 2243.

Taylor's 1995 conviction does not meet the categorical definition of sexual abuse of a minor. Taylor was charged in 1995 under two sections of the C.C.C.: § 151 ("sexual abuse of a minor") and § 271 ("sexual assault"). (P3- L42 to L43.) A conditional stay was entered on the charge of sexual abuse of a minor. (Id.) The court entered judgment only on the count of sexual assault, which does not categorically fit the crime of sexual abuse of a minor because the statute does not require that the prohibited conduct be perpetrated upon a minor. This does not end the inquiry.

Application of the modified categorical approach is proper here because C.C.C. § 271 is overly inclusive in that it criminalizes sexual assault visited upon both minors and adults. Although the statute does not require that the victim is a minor, the modified categorical approach permits the Court to look to judicially noticeable documents to determine if the court necessarily found Taylor guilty of sexually assaulting a minor in order to return a conviction. See Sandoval-Lua, 499 F.3d at 1131. Thus, the Court will examine the conviction record to determine whether the conviction required the judge to find all three elements of the categorical crime of sexual abuse of a minor satisfied: (1) sexual conduct, (2) with a minor, and (3) that constitutes abuse. Castro, 607 F.3d at 568.

The Court finds that the conviction record shows that the convicting judge found Taylor guilty of the three elements of sexual abuse of a minor. First, the statute under which Taylor was convicted criminalizes sexual conduct. See Castro, 607 F.3d at 568. C.C.C. § 271, by definition,

requires that someone touch another person "in a sexual way, on purpose, without their consent." (P3-R83 to R85.) Therefore, the conduct prohibited is necessarily sexual in nature. Second, the only victim that Taylor was found guilty of sexually assaulting is identified in the charging documents as "a person under the age of fourteen years." (P3-L42.) In order to find a violation of § 271 at all, the judge in Canada necessarily must have found Taylor guilty of sexually assaulting a minor. Third, C.C.C. § 271 criminalizes conduct that constitutes abuse. The Ninth Circuit has held that sexual conduct with children is per se abusive. See Medina-Villa, 567 F.3d at 514. The Ninth Circuit has also defined abuse as "misuse . . . to use or treat so as to injure, hurt or damage. . . to commit indecent assault." United States v. Lopez-Solis, 447 F.3d 1201, 1207 (9th Cir. 2006) (quoting United States v. Pallares-Galan, 359 F.3d 1088, 1100 (9th Cir. 2004)). Conduct that is abusive involves the misuse, maltreatment, or assault of a minor. See Lopez-Solis, 447 F.3d at 1207. The conduct for which he was convicted constitutes abuse. Applying the modified categorical approach, the Court finds that Taylor was necessarily found guilty of the elements of sexual abuse of a minor. Taylor is thus statutorily ineligible for naturalization.

The Court finds unpersuasive Taylor's argument that if the Court were to examine the underlying facts of his conviction, it must find that Taylor's conduct was innocuous and thus did not constitute abuse. First, the Court cannot examine the underlying facts of the conduct for which Taylor was convicted. See Sandoval-Lua, 499 F.3d at 1133. Second, the Court need not reach beyond those facts in the conviction record to find uncontroverted evidence that Taylor's 1995 sexual assault qualifies as an aggravated felony under the modified categorical approach.

        d.   Taylor's Foreign Pardon is Irrelevant.

Taylor's pardon by the Canadian National Parole Board is immaterial in determining whether the 1995 conviction constitutes an aggravated felony.

The USCIS is not compelled to recognize foreign pardons unless they are full and unconditional.  See 8 C.F.R. § 316.10(c)(2).  Here, Taylor's pardon by the Canadian Parole Board is conditional and revocable at any future time.  (Dkt. No. 27 at 13.)  The pardon can be "revoked or cease to exist" if Taylor is later convicted of an offense punishable on summary conviction.  (P3- L78 to L79.)  The pardon can also cease to exist if he commits a new offense under the Criminal Code of Canada.  (Id. at L79.)  Moreover, the pardon "does not erase the fact that an individual was convicted of an offense and has a criminal record."  (Id.)  The pardon is therefore not full and unconditional.  USCIS is not compelled to recognize the foreign pardon, and it does not erase the immigration consequences of the sexual assault conviction.

Taylor incorrectly relies on one Ninth Circuit case, Dillingham v. INS, to argue that the government must recognize his foreign pardon or risk a violation of his equal protection rights. 267 F.3d 996 (9th Cir. 2001).  He argues that because the court in Dillingham recognized one foreign pardon, it has to recognize all foreign pardons.  (Dkt. No. 33 at 17.)  This is an oversimplification of Dillingham.  In Dillingham, the Court held that equal protection concerns compelled the government to recognize a foreign expungement of a first-time simple drug possession conviction in Great Britain.  It reasoned that had the petitioner committed the same crime in the United States he would have had the conviction expunged pursuant to federal law (Federal First Offender Act), erasing any consequences of the crime for immigration purposes. Dillingham, 267 F.3d at 1008-11.  The Court held it would violate equal protection to ignore the fact his conviction was expunged pursuant to a British law when a similar conviction in the U.S. would also have been expunged pursuant to the Federal First Offender Act, and no immigration

consequences would have attached. Id. at 1008-11. Such a result would impermissibly discriminate between two otherwise equal classes of persons. Here, however, Taylor points to no comparable federal statute, or any law for that matter, that would have entitled him to a pardon or expungement of his sexual assault in the United States. He points to no class of U.S. citizens that would receive superior treatment on the basis of alienage. There is thus no equal protection concern at issue here. Moreover, there is no basis on which to conclude that because the court in Dillingham recognized one foreign expungement that it must recognize all foreign pardons or expungements.

The Court therefore properly considers Taylor's 1995 conviction a bar to his eligibility for naturalization.

**Conclusion**

Because Congress requires that wartime veterans possess good moral character in order to naturalize, Taylor bears the burden of proof and has failed to establish that he meets all requirements for naturalization. The 1995 conviction falls within the ordinary definition of the generic crime of sexual abuse of a minor, and is thus considered an aggravated felony under 8 U.S.C. § 1101(a)(43). This bars Taylor's petition for naturalization. Moreover, Taylor's conditional and revocable pardon is irrelevant in considering his eligibility, and the Court's refusal to recognize such pardon as alleviating the immigration consequences does not violate his equal protection rights. The Court thus GRANTS the government's motion and DISMISSES Taylor's petition for failure to state a claim.

\\
\\
\\

The clerk is ordered to provide copies of this order to Petitioner and all counsel.

Dated this 13th day of July, 2011.

 
Marsha J. Pechman
United States District Judge